**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KATHLEEN GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| KINGMAN MOBILE STORAGE and | ) | |
| MATTHEW COLLINS, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

Now comes the Plaintiff, KATHLEEN GARCIA, by and through their attorneys, POWER, ROGERS & SMITH, P.C., complaining of KINGMAN MOBILE STORAGE and MATTHEW COLLINS, states as follows:

**Parties**

1. On October 17, 2013, Kathleen Garcia resided in Palos Heights, Illinois.

2. On October 17, 2013, Matthew Collins was a truck driver residing in South Bend, Indiana.

3. On October 17, 2013, Matthew Collins operated a truck in the course and scope of his agency and/or employment relationship with Kingman Storage, LLC which had its principal place of business located in Elkhart, Indiana.

**Jurisdiction**

Jurisdiction lies in federal court pursuant to 28 U.S.C. 1332 - - Diversity of Citizenship.

4. Kathleen Garcia is a resident and citizen of Illinois. Kathleen Garcia is domiciled in Illinois where she lives as a permanent resident in Palos Heights, Illinois.

5. Defendant Kingman Storage, LLC is a domestic limited liability company in Indiana with a principal place of business at 2740 W. Lexington, Elkhart, Indiana 46514.

6. Defendant Matthew Collins is both a resident and a citizen of Indiana. Mr. Collins is domiciled in Indiana where he maintains a permanent home at 55478 Moss Road, South Bend, Indiana 46628. At all relevant times, Mr. Collins intended to return to his home when he was absent from it.

**Facts Common to All Counts**

7. On October 17, 2013, 95th Street ran east and west in Oak Lawn, Illinois, County of Cook.

8. On October 17, 2013, Central Avenue ran north and south in Oak Lawn, Illinois, County of Cook.

9. On October 17, 2013, 95th Street and Central Avenue intersected in Oak Lawn, Illinois, County of Cook.

10. On October 17, 2013, a traffic control device controlled the flow of traffic at the aforesaid intersection.

11. On October 17, 2013, the traffic control device governing motor vehicles traffic at the aforesaid intersection was functioning properly.

12. On October 17, 2013, Kathleen Garcia operated a 2013 Volvo XC90 westbound on 95th Street at the aforesaid intersection.

13. On October 17, 2013, Kathleen Garcia proceeded into the left turn lane waiting to turn southbound onto Central Avenue at the aforesaid intersection.

14. On October 17, 2013, Matthew Collins operated an International 2007, Indiana plate number westbound on 95th Street at the aforesaid intersection.

15. On October 17, 2013, Matthew Collins was in the intersection of 95th Street and Central Avenue in the left hand turn lane waiting to turn southbound onto Central Avenue at the aforesaid intersection.

16. On October 17, 2013, Kathleen Garcia's vehicle was directly behind the vehicle being operated by Matthew Collins.

17. On October 17, 2013 while Matthew Collins was in the intersection of 95th Street and Central Avenue in the left hand turn lane the traffic signal changed from green to red.

18. On October 17, 2013 after the traffic signal turned to red, Matthew Collins began to move his car in reverse to back out of the intersection of 95th Street and Central Avenue.

19. On October 17, 2013, the vehicle being operated by Matthew Collins collided into the vehicle operated by Kathleen Garcia in the left hand turn lane at the aforesaid intersection.

**Count I**
(Negligence – Matthew Collins)

20. Plaintiff hereby incorporates paragraphs 1-19.

21. On October 17, 2013, Matthew Collins owed a duty of care to Kathleen Garcia to operate his vehicle in a safe and prudent manner in compliance with the Illinois Motor Vehicle Code.

22. On October 17, 2013, Matthew Collins was negligent in the operation of the tractor trailer in one or more of the following respects:

    a.    violated Section 11-1402 of the Illinois Motor Vehicle Code 625 ILCS 5/11-1402 by backing up in such a manner to endanger the safety of the Plaintiff, Kathleen Garcia;

    b.    operating his vehicle in such a manner as to endanger the safety of the Plaintiff, contrary to and in violation of 625 ILCS 5/11-601; or

    c.    carelessly and negligently operated his vehicle at a speed which was greater than reasonable and proper with traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601; or

    d.    carelessly and negligently failed to decrease her speed as to avoid colliding with another vehicle or person, in violation of 625 ILCS 5/11- 601(a); or

    e.    carelessly and negligently failed to give audible warning with the vehicle's horn when such warning was reasonably necessary to insure safety, contrary to and in violation of 625 ILCS 5/11-601; or

    f.    carelessly and negligently operated, managed and controlled said motor vehicle without keeping a safe and proper lookout.

23.    As a direct and proximate result of one or more of the aforementioned acts or omissions, committed by defendant, Matthew Collins, Kathleen Garcia suffered serious personal injuries and economic loss.

WHEREFORE, Plaintiff, KATHLEEN GARCIA, hereby demand judgment against the Defendants, MATTHEW COLLINS, individually and as an agent and/or employee of KINGMAN STORAGE, LLC, and each of them, in an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## Count II
(Negligence- Kingman Storage, LLC)

24. Plaintiff hereby incorporates paragraphs 1-19.

25. On October 17, 2013, Kingman Storage, LLC, by and through its agent/employee Matthew Collins, Kingman Storage, LLC. owed a duty of care to Kathleen Garcia to operate her tractor trailer in a safe and prudent manner in compliance with the Illinois Motor Vehicle Code.

26. On October 17, 2013, Kingman Storage, LLC was negligent by and through its agent/employee, Matthew Collins, in one or more of the following respects:

    a. violated Section 11-1402 of the Illinois Motor Vehicle Code 625 ILCS 5/11-1402 by backing up in such a manner to endanger the safety of the Plaintiff, Kathleen Garcia;

    b. operating his vehicle in such a manner as to endanger the safety of the Plaintiff, contrary to and in violation of 625 ILCS 5/11-601; or

    c. carelessly and negligently operated his vehicle at a speed which was greater than reasonable and proper with traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601; or

    d. carelessly and negligently failed to decrease her speed as to avoid colliding with another vehicle or person, in violation of 625 ILCS 5/11- 601(a); or

    e. carelessly and negligently failed to give audible warning with the vehicle's horn when such warning was reasonably necessary to insure safety, contrary to and in violation of 625 ILCS 5/11-601; or

    f. carelessly and negligently operated, managed and controlled said motor vehicle without keeping a safe and proper lookout.

27. As a direct and proximate result of one or more of the aforementioned acts or omissions, defendant, Kingman Storage, LLC, by and through their agent/employee Matthew Collins, Kathleen Garcia suffered serious personal injuries and economic loss.

WHEREFORE, Plaintiff, Kathleen Garcia, hereby demand judgment against the Defendants, Kingman Storage, LLC, by and through its agent/employee Matthew Collins, and each of them, in an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

        Respectfully Submitted,

        /s/ Jonathan M. Thomas
        Counsel for Plaintiffs

Joseph A. Power
Jonathan M. Thomas
Power, Rogers & Smith
70 West Madison, #5500
Chicago, IL 60602
Tel: 312/236-9381
Fax: 312/236-0920